UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OMAR TROCHE<br>7439 Woodhaven Ave.<br>Brooklyn, OH 44144<br><br>*On behalf of himself and all others similarly situated,*<br><br>        Plaintiff,<br><br>  v.<br><br>UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.<br>d/b/a University Hospitals<br>c/o Statutory Agent Janet L. Miller<br>3605 Warrensville Center Rd.<br>MCS 9110<br>Shaker Heights, OH 44122<br><br>        Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Omar Troche, by and through counsel, for his Class and Collective Action Complaint against Defendant University Hospitals Health System, Inc. (hereinafter "University Hospitals"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated

1

("the FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class"). Plaintiff further brings individual claims for retaliation under the FLSA in violation of 29 U.S.C. § 215(a)(3).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Omar Troche was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6. Defendant University Hospitals (hereinafter "Defendant") is a non-profit Ohio corporation with its principal place of business in Cuyahoga County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant's statutory agent for service of process is Janet L. Miller, 3605 Warrensville Center Rd., MCS 9110, Shaker Heights, OH 44122.

## FACTUAL ALLEGATIONS

### Defendant's Business

7. Defendant is one of the country's leading health systems, with over 24,000 doctors and employees, as well as one of the largest private employers in Northeastern Ohio.

8. Defendant utilizes its own police force comprising of sworn officers and security guards (collectively "police officers").

### Defendant's Status as Employer

9. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiff.

10. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant, Defendant had annual sales in excess of $1 million dollars.

### Plaintiff's Non-Exempt Status with Defendant

13. Plaintiff Omar Troche worked for Defendant as a commissioned police officer from approximately April 2012 to approximately February 2017.

14. Defendant maintains its own police force consisting of commissioned police, non-commissioned police, and security guards (collectively "police officers").

15. Plaintiff, the FLSA Collective, and Ohio Class regularly worked more than forty (40) hours per week.

16. Plaintiff, the FLSA Collective, and Ohio Class worked for Defendant as hourly, non-exempt employees.

3

17. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

18. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**Defendant's Failure to Issue Comp Time at 1.5x the Required Hourly Rate**

19. During their employment, Plaintiff, the FLSA Collective, and the Ohio Class were required to work substantial amounts of overtime. Instead of being paid for overtime, Plaintiff, the FLSA Collective, and Ohio Class were paid compensatory time (hereinafter "comp time") in lieu of overtime. 29 U.S.C. § 207(o)

20. Plaintiff, the FLSA Collective, and Ohio Class only received comp time off in the amount of their regular hours worked, not one and one-half hours for each overtime hour worked, as required for a bona fide comp time plan. 29 U.S.C. § 207(o); 29 C.F.R. 553.21. Moreover, Plaintiff, the FLSA Collective, and Ohio Class were not allowed to bank, record, or properly calculate comp time, but instead were required to estimate and use comp time "off the books," and therefore could not formally request use of comp time or be paid for comp time if their request was denied. Through all of these policies Defendant willfully violated the FLSA and accompanying regulations. 29 U.S.C. § 207(o); 29 C.F.R. 553.21.

21. When Defendant apparently realized its violations, it issued checks to Plaintiff, the FLSA Collective, and the Ohio Class which, in the absence of records, failed to compensate them for the majority of the comp time accrued during the statutory period, and denied them liquidated damages under the FLSA, 29 U.S.C. 216(b). Defendant further instructed Plaintiff, the

FLSA Collective, and the Ohio Class not to talk about the amount of their individual payments so the amount of the underpayment would not come to light.

**Defendant's Failure to Pay For All Hours Worked**

22. While Plaintiff, the FLSA Collective, and Ohio Class were paid on an hourly basis, Defendant consistently failed to pay Plaintiff, the FLSA Collective, and Ohio Class for all hours worked. 29 U.S.C. § 207.

23. Defendant employed and continues to employ numerous practices and policies in willfully violating the FLSA.

24. Plaintiff, the FLSA Collective, and the Ohio Class were, *e.g.*, docked pay of a full half hour if they clock in several minutes late, in a willful violation of the FLSA. The policy of rounding down in half-hour increments, and making other arbitrary deductions, violates the FLSA. 29 U.S.C. § 207; 29 C.F.R. § 785.48(b).

25. Plaintiff, the FLSA Collective, and the Ohio Class were deducted travel time when driving between locations during different shifts in violation of the FLSA. 29. C.F.R. § 785.38.

26. Plaintiff, the FLSA Collective, and the Ohio Class were routinely interrupted during lunch breaks to monitor radio calls and respond to personnel calls and confront crimes. They were not paid for lunch breaks even when their lunch breaks were actually interrupted. Moreover, there was no process or procedure for Plaintiff, the FLSA Collective, and the Ohio Class to report that they worked through lunch. These meal periods were therefore not bona fide meal breaks within the meaning of the FLSA, and should have been paid. 29 C.F.R. § 785.19.

27. Defendant likewise avoided paying Plaintiff, the FLSA Collective, and the Ohio Class for work time occurring after the scheduled shift ending time, in violation of the FLSA. 29 U.S.C. § 207; 29 C.F.R. § 785.11.

28. Defendant's timekeeping and comp time practices present indefensible violations of the FLSA, 29 U.S.C. § 207(a).

## **COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

31. The FLSA Collective consists of:

> All present and former hourly police officers of Defendant during the period of three years preceding the commencement of this action to the present who worked overtime.

32. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay for all hours worked and overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

33. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

34. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of approximately 70 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly police officers of Defendant during the period of three years preceding the commencement of this action to the present who worked overtime.

37. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 60 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

38. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff and other class members all overtime pay due to them?
>
> Whether Defendant failed to pay Plaintiff and other class members for all hours worked?
>
> Whether Defendant's failure to pay Plaintiff and other class members overtime pay due to them in violation of the Ohio law was willful?

39. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

40. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

41. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

45. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

46. Plaintiff, the FLSA Collective, and Ohio Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

47. Defendant did not pay overtime compensation to Plaintiff, the FLSA Collective, and Ohio Class at the rate of one and one-half times their regular rate for all of their overtime hours.

48. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

49. As a result of Defendant's violations of the FLSA, Plaintiff, the FLSA Collective, and Ohio Class were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective, and Ohio Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment

awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

52. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

53. Defendant's failure to compensate overtime hours and Defendant's failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

54. These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

55. Having injured Plaintiff, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]… under Ohio law."

## COUNT THREE
### (Individual FLSA Retaliation)

56. Plaintiff incorporates the foregoing allegations as if fully rewritten herein.

57. At all times relevant herein, Plaintiff Omar Troche was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

58. At all times relevant herein, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

59. While Plaintiff Troche was paid on an hourly basis, Defendant consistently and willfully failed to pay Plaintiff Troche for all hours worked and compensate for comp time as required by the FLSA. 29 U.S.C. § 207; 29 C.F.R. 553.21.

60. Defendant shortchanged Plaintiff Troche by willfully failing to pay all hours worked, or even record comp time. Defendant engaged in a scheme to deny Plaintiff all comp time and overtime at the required rate. Defendant knew Plaintiff Troche was working overtime hours and was provided comp time at less than the required rate, but failed and/or refused to compensate Plaintiff as required under the FLSA and Ohio Law.

61. After, and as a result of, engaging in the protected activity of making numerous complaints about Defendant's illegal pay practices, including Defendant's failure to pay Plaintiff Troche for many overtime hours at the lawful rate, as well as complaining about potential safety hazards from police officers being encouraged not to show up for their scheduled shifts to use unrecorded comp time, Defendant retaliated against Plaintiff Troche by terminating him on or about February 21, 2017.

62. As a result of Defendant's retaliatory conduct, Plaintiff Troche's rights under 29 U.S.C. § 215(a)(3) were violated, and Plaintiff Troche is entitled to the remedies under 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E. Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Scott & Winters Law Firm, LLC
The Superior Building
815 Superior Avenue E., Suite 1325
Cleveland, OH 44114
Telephone: 440-498-9100
jscott@ohiowagewlawyers.com
rwinters@ohiowagelawyers.com

and

Kevin M. McDermott II (0090455)
MCDERMOTT LAW LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
Telephone: 216-367-9181
Facsimile: 440-846-1625
kevin@mcdermottattorney.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

>*s/ Kevin M. McDermott II*
>Kevin M. McDermott II (0090455)